Good morning your honors. Good morning. My name is Matthew DiPerno. I'm the attorney for Zetalucid and David Morrison and I'm reserving 4 minutes of time for rebuttal. The main issue I want to focus on this morning is the issue of the waiver of arbitration which we asserted in our brief and in the lower court argument and we asserted that the defendants in the that would otherwise be relying on an arbitration provision. And I counted no less than 18 steps that the defendants took in the lower court case that showed that they were not interested in arbitration. And you're not considering the state Texas litigation, you're just talking about the litigation in federal court, is that correct? That's correct. I counted 18 in our lower court case in the Western District of Michigan that showed that the defendants did not act in a consistent manner if they were trying to enforce an arbitration provision. You do make a good point though regarding the Texas case. Even in the Texas case, which was filed first, which was then voluntarily dismissed, even in that case the defendants did not assert a arbitration defense either. Are you contending that the motion addressing personal jurisdiction in venue constituted an indication that they didn't intend to arbitrate? I do make that contention, yes. I think that's a significant issue because I think it's consistent with the Hurley case that we cited. Do you have any cases that say if you address personal jurisdiction in venue that constitutes a waiver of your right to arbitrate? Yes, I think the Hurley case says that specifically. That it was consistent with Hurley? So that's what you think Hurley says? Yes, and specifically the Hurley court said, by filing a motion to change venue, defendants proactively selected the forum in which they wished to defend plaintiff's claims. Was personal jurisdiction a question in Hurley? I don't recall if it was or not. I focused on the issue of the change of venue, which was very specific in Hurley. The court was very specific in that respect that when you file a motion to change venue, as opposed to asserting a claim for arbitration, you're making the affirmative statement that you want to litigate in the district court, maybe just not in that jurisdiction. How is filing a motion contesting whether there's personal jurisdiction, submitting yourself to that court and waiving the arbitration clause? Well, because the defendant could have, at that point, raised both defenses. They could have raised the personal jurisdiction defense. They could have raised the venue defense, and they could have waived, or they could have raised the arbitration defense as well. They could have done that all at the start. But in this case, we have very specific facts, which I think are very important, and that is that the defendants, during oral argument in the lower court, specifically told us and specifically acknowledged that they thought of those consequences, that they were aware of that arbitration clause, and they chose not to raise the arbitration clause initially because they were afraid of bifurcation. And they didn't want to bifurcate the case. They didn't want some cases to go to state court and some claims to remain. And they made that conscious decision, and the defendant's attorney specifically told us that during the oral argument. Isn't it true, though, that you have to establish personal jurisdiction in order to enforce an arbitration clause? I mean, if you want the district court to enforce an arbitration agreement, you've got to show the court that you have personal jurisdiction. The plaintiffs have personal jurisdiction. I mean, I don't understand how you could do otherwise. Well, I... If you go to that court and you seek arbitration, you're waiving your personal jurisdiction argument. Maybe I'm not following. I don't understand the question. I think we're spending an awful lot of time, and we're just not communicating here, on the question of the significance of the first motion, which was personal jurisdiction slash venue. If we assume for a second that that does not manifest an intent to waive the arbitration clause, then what do you drop back to? Then I drop back to the answer that the defendants filed and their affirmative defenses that they filed, in which case they still did not assert the arbitration provision. Normally, you raise arbitration in an answer as an affirmative defense. Is there a requirement to do so? I believe there is a requirement. Where do I find that requirement? I think that the requirement is in the rules regarding affirmative defenses, and you have to raise your defenses at the time you file your answer. All I'm asking is, is there a case that says, if you file an answer and you don't assert the right to arbitrate as an affirmative defense, you waived it. If there's a case, just tell me what it is. I believe, number one, the Johnson case helps us in that respect. The Johnson case pointed specifically to the idea that the defendants failed to raise arbitration in its answer. I think that helps us. I think there were other cases as well where... See, here's the problem that I'm having in having a conversation with you. You cite the cases that you say, well, they help you, but you don't tell me whether that's what the case cites. Johnson and Hurley both involve the party having participated in extensive discovery before asserting the right to arbitrate, if I'm recalling them correctly. I agree that there was discovery, yes. Discovery seems to be the common thread in virtually every case that I can find that addresses the waiver of arbitration. Is that right? I would agree that there... Have you found any cases where the party didn't engage in discovery? Of course, here they request our discovery or participate in discovery, and still there was a waiver of arbitration found. I did not find that case. I mean, specifically related to discovery. I found a lot of cases that dealt with, for instance, the case of Kramer v. Hammond, which dealt with a party losing, initially, a motion to dismiss, and then asserting the arbitration. Your point, really, is not, from what I understand from your answers to Judge McKeague's questions, it's not that, I guess it's really that you allege that the, that it was not raised at the earliest or even near earliest point, and that you incurred some kind of prejudice by going into the litigation, even though there was not discovery. Is that the point? Yeah, I don't see that discovery is a dispositive issue at all. I think discovery is one... But you are asserting waiver, and I think in response to those questions, that exchange, you've not identified any case that says, if you don't file it at the first instance in your response to pleading, that it's a waiver. So if that's not what you're relying on, what exactly are you relying on? I know you talked about there being 18 different possibilities, but we're focused on this. Well, what I'm focusing on, I don't believe that discovery is a dispositive issue. I think it's one issue that you can look at, but there's other factors... It's not contained in every single case. Well, I agree with you that it is, but there's other issues that are also contained within those cases, too. And I think the other issues contained within those cases deal with specifically... Again, I'll cite back to Hurley. In the Hurley case, they also filed a motion to dismiss. They went to a Rule 16 conference. They engaged in settlement discussions. All of those things happened as well. And in the other cases, there's cases that I cited where the defendant didn't assert arbitration in its affirmative defenses or answers. So it's not just an issue of discovery. It's a number of factors that we can look at to determine whether a party has acted in a manner that's inconsistent with a party relying on arbitration. And specifically, I think in the case of Kramer v. Hammond... No, I'm sorry, not in that case, but again in the Hurley case, the court specifically said defendants did not attempt to enforce their arbitration right until after the district court entered an unfavorable ruling. And we have that in our case as well. We have the initial decision by the court to deny in part the motion on the personal jurisdiction and the transfer of venue. Let's look at Hurley for just a second. Am I right in Hurley that the court found a waiver under the first factor, not prejudice, where they waited two years to move to compel arbitration and filed multiple dispositive and nondispositive motions? Correct. Now the only way you get to two years here is because the district court sat on the venue personal jurisdiction motion for two years. I agree with that. You can't hold that against Zeta, can you? I do not hold that against them. Well the other thing, the other time period in here that's troubling to me is the six years between the non-suit and the refiling. I mean, I don't see how you can complain about prejudice arising from delay or whatever when you wait six years to refile after you voluntarily non-suit. I understand. Let me answer those two questions first. Your question first, Judge McKeague, where you talked about the two and a half years. I don't hold that against Zeta. But I do count the number of months of active litigation in our case to be ten months, ten actual months of active litigation in our case before the arbitration defense was raised. Well it was six weeks from the time that the judge did rule, or maybe it was six weeks between the answer and the motion. I want you to get on to Judge Dautry's question. Just tell me, where do I look to find that, the difference between your ten months and what seems to me to be six weeks? Well I look at the start of the case. There was four months at the start of the case where we dealt with the issue of change of venue. And then there were two months where we dealt with motions for substitution that were involved in the case. And then there was a period from September, end of September 2016, until the court made its decision in end of January 2017, which is four months there. So I'm looking to see what somebody does that's inconsistent with the desire to arbitrate. Just doing nothing. Is there a case that says doing nothing, which is part of the time that you're counting there, that we should look at? No, I don't find any case that says doing nothing, but I guess I would disagree. You're right, there was a period of time that the plaintiff waited before refiling their case, and I agree with that as well. In his opinion, that was one of his primary factors where he looked at the prejudice issue. And that was where I think he was sort of off the mark a little in terms of saying that the plaintiff had waited a number of years before filing and therefore you can't hold that time period against Zeta. And I agree with that, but the prejudice I think we were looking at in this case is the idea that we file a lawsuit and the plaintiff files a 12-B motion, they file reply briefs, they file answers, they file affirmative defenses. We file an amended complaint, they file another answer. There was also the business about the district court judge telling Zeta that they were not to file a certain motion until they'd filed an answer, which in effect forced them to answer before they could file the motion that they did. What effect does that have? Well you're right, the judge did order that they file an answer, and they did file an answer, and in that answer they still didn't assert a defense to arbitration. I think the point he was thinking about, but he did ask them to do that. But your point is that there were many opportunities to assert this arbitration, to assert their arbitration defense and they didn't do that. Oh absolutely, I think they had many opportunities to raise that and didn't do it. And does the language of the contract at all help support your position or does it counter your position? The arbitration clause in the contract. Well I think there is an arbitration clause, we don't deny that it exists, and it talks about the idea that if there's a dispute that the claim would be arbitrated. I don't think anyone disputes that there is that arbitration clause. But in this case, plaintiffs filed a lawsuit and you would expect if the defendants want to enforce that arbitration clause that they would do so at the start. I was just going to say, I guess the question is whether the desire to keep all the claims in one place and not split them up, whether that is something that's inconsistent with invoking your right to arbitration, compel arbitration. I have to believe that absolutely, and that was one of the reasons we filed this appeal, is defense counsel at oral argument made that specific acknowledgment and told us the exact reason why they didn't assert the arbitration provision. And do I recall that after that there was an amended complaint that took the issues that would be left behind out? Our amended complaint was filed before that oral argument. After the judge denied the motion on the change of venue, we waited a period of time before that happened, then that order came down, defendants filed another Rule 12 motion, the plaintiff filed a motion to amend the complaint, and through that amended complaint, the plaintiff stripped out a number of other state law claims. You may continue to argue, but you'll be using some of your rebuttal time. You may either elect to use the rebuttal now or you may wait and save that and respond to additional questions during rebuttal. Thank you, I'll wait. Good morning, Your Honors. May it please the Court, Tom Hubbard on behalf of the defendants, Zeta Corporation and Ms. Pitts. The appellant here focused on the issue of waiver, and I will do the same. He focused specifically on the element of action that is completely inconsistent with the right to arbitrate. I would just like to point out, as the Court I'm sure is aware, that that is one of two elements that are necessary to be shown in order to demonstrate a waiver. There must be both action that is inconsistent and actual prejudice, and we believe that the District Court correctly found in this case that neither of those elements were present. Focusing as... Of course, the District Court was somewhat concerned by the delay in timing for the request for arbitration to be raised, and counsel opposite has rightly pointed us to the fact that Zeta admitted that it was aware of the arbitration and didn't raise it. Well, I think I'll make a couple of points on that. The first is that the first motion that was addressed was the personal jurisdiction motion. We moved past that. And then once a ruling on that was made, that's where the delay occurs. And the Court itself in its ruling pointed out that defendants weren't responsible for that delay, that it was a matter of the Court getting to it, and we completely understand that. But the Court didn't burden us with that delay. With regard to the failure or the fact that we didn't raise it in our motion, our initial motion to dismiss, there's a couple of points to be made. Number one, we only briefed that. There was no response to that motion. There was no ruling on that motion. We only briefed it. So we put a brief out there that did not address this, and it was in response to a complaint that had over 400 allegations and 14 separate counts. That does not include the seven individual counts of fraud in that massive tome. And it had no distinction between who was suing whom. And so we had an inability to determine at that point. We just had this soup of claims and allegations when we briefed that. In response to our briefing, the appellant submitted an amended complaint. And that was which reduced significantly the number of claims and also focused where those claims were targeted. Once we had that clarification, then we brought, after answering as required by the District Court, immediately a motion to dismiss. And I would point out that we brought that motion to dismiss on the same day we filed our answer to the amended complaint. So I think that's the best explanation I can give for why it wasn't raised, was that in the brief that we submitted was simply because we were overwhelmed by trying to comprehend what this complaint meant and what it was targeting. Okay, so let me ask you this. The answer and affirmative defenses that were filed on November 9th and the motion to dismiss filed on November 9th, none of that mentioned arbitration, did it? Yes, it did. I believe, Your Honor, if we're talking about the answer to the first complaint, then you are correct. I do have the docket in front of me. So I can clarify by simply saying we did not raise the arbitration issue until it was in response to the amended complaint. Until that, that was the first substantive motion addressed and filed in response to the amended complaint. Okay, I think I was looking at the wrong date. All of that must have occurred in December rather than November. Correct. I believe that's correct, Your Honor. And so I would point out that while in our answer to the amended complaint, we did not assert specifically arbitration. There is no requirement under Rule 8 that we do so. And not only that, but we moved to dismiss on the basis of arbitration clause on the exact same day. So even if there were a rule requiring us to put it in our pleading, it would be an absolute gotcha rule if you held that we failed to do that when on that very same day we served a motion that moved to dismiss on that very claim. Is it that argument that causes the language of the arbitration clause not to be fatal to your position? Excuse me? Is the argument that you just made the argument that keeps the language of the arbitration clause from being fatal to your position, is that why it's not fatal? Because it talks about you having to assert it within a particular time. You're familiar with the language of the clause because it's in your brief. And is that argument the explanation for why it's not fatal to your position? I would say so, Your Honor. Are you pointing to the notion of making a demand for arbitration? Yes. Yes. Yes. I believe so. Do I recall that earlier there was some mention of mediation either in court or in something you filed? Very long ago in the negotiations, the appellant made the argument that they had demanded arbitration that we had denied it. And they put forth in their pleadings the emails that they said supported this contention. And Judge Maloney, we believe, correctly found that those were not a demand for arbitration at all. In fact, they weren't even directed at us. They were directed at the Army Corps of Engineers. So I believe Judge Maloney correctly found that there was no demand for arbitration. Mr. Hubbard, let me ask you a question about the prejudice component of this that we really haven't talked about this morning. Yes. As I read our S.H.Y. decision, it seems to be addressing on the prejudice part whether or not a party's actions required the other party to incur expenses that they would not otherwise have had to incur had the case gone to arbitration earlier. In S.H.Y., they're specifically talking about discovery because there isn't discovery, for the most part, in arbitration. Is there anything that happened here that Aqualude had to spend money for that wouldn't have otherwise been required in connection with the arbitration as far as you know? Not as far as I know, Your Honor. There was no discovery undertaken whatsoever. Have they ever said what their prejudice is in terms of the expenses that they incurred? They have not. To my knowledge, they have not. Thank you. No, they have argued that they had to respond to motions that were filed as a result of the litigation that they would not have been required to respond to or spend money responding to had the arbitration demand been made earlier. So what's your response to that? I'm putting aside discovery. They're saying there were these motions they had to keep responding to and spending money and time. I think my response, first of all, I'm not sure they made that argument, but I certainly assume that it's implied. The response is that they didn't. They didn't respond to a motion. They did not file a response to our motion to dismiss, our initial motion to dismiss. They didn't. They filed an amended complaint. They filed an amended complaint. And in response to that amended complaint, we immediately moved to dismiss on the basis of arbitration once we had clarity on the claims and who they were suing. And as the courts pointed out, that first action dealt simply with a personal jurisdiction issue, which has to be the first thing you raise or it's waived. Just one other point that I would like to make with regard to the lack of prejudice is that the defendants, when they moved to amend, made the point that there was no prejudice here. They pointed to the fact that there had been no discovery and thus an amendment could not cause any prejudice. They pointed to the fact that there hadn't even been a case management order entered, so there were no deadlines for filing amendments to pleading whatsoever. So there could be no prejudice here. This is a two-part test we're looking at, action inconsistent and prejudice. So not only are we in a situation where there was no prejudice, we're in a situation where there's been admission that there was none. We believe that the district court's decision dismissing this action should be affirmed. Thank you. I do want to point to the Johnson Associate v. H.L. Operating Corp. case out of the Sixth Circuit in 2012. And that case, I think, is very important because it says, but the fact that this case involved less litigation than in Manasher is not dispositive. And in our view, defendants' actions were also completely inconsistent with any reliance on its right to arbitrate because defendants failed to raise arbitration in its answer. And I think that's important, Judge McKee, and I think that gets to your point. I think it is important, but you're omitting the fact that they then, in addition to that, went on and engaged in discovery. You want to just pick and choose between, well, they didn't raise it in an answer, so therefore that means there's a waiver, when the case you're citing addresses the fact that they engaged in discovery. How I interpret that case, to me, is that the fact that you engage in less litigation, or in our case, no discovery, is not dispositive. The test seems to be, did the failure to raise arbitration earlier result in a party doing things that they would not have otherwise had to do because they wouldn't be necessary in connection with arbitration? So if I'm right about that, what did you do here that you wouldn't have had to do had they raised arbitration immediately? We would not have had to respond to their initial, their very first motion to dismiss. And they filed what was called a motion to dismiss, or in the alternative change of venue. If they'd have raised arbitration right out of the box, that... Did you respond to the motion to dismiss part of that? They say you didn't. Yes, we did. We responded to the entire motion. So we did that. Then we... But did you respond by amending the complaint, which is what they say you did, rather than actually responding to the motion to dismiss? No, we initially, very first, right out of the box, we responded to their motion to dismiss, or in the alternative motion to change venue. We responded to that. That was their initial 12B6. That's the difference in the motion in connection with personal jurisdiction, or is that all... That was all the same motion. That was what they titled a motion to dismiss under 12B6, I believe. All right, so assuming that what you say is accurate, then you incurred expenses in responding to a portion of their motion to dismiss for lack of personal jurisdiction that you wouldn't have otherwise had to, right? Correct. And what else? What else did you do? Well then, when the case moved on, after the order was... The judge denied that motion in part, then they filed another Rule 12 motion. We filed an amended complaint. Did you respond to that second Rule 12 motion? Other than by filing the amended complaint? No, we responded to it by filing the amended complaint. Now, are you saying that you wouldn't have had to file an amended complaint if this went into arbitration? I can't answer that. I don't know how the arbitration would have progressed. Is he right that in asking for permission to file the amended motion, you said no party would be prejudiced? Yeah, we did say that in that motion to amend the complaint. Okay, so we get the complaint all squared away now in, what was it, either November or December, and then six weeks later they demand arbitration. So did anything happen then in between those dates that resulted in you incurring expenses you wouldn't have otherwise incurred? I can't... No, I can't stand here and say that we would have incurred those expenses. Just out of curiosity, what do you claim your client would have otherwise had to incur had they invoked arbitration earlier? Just straight up expenses or legal fees as well? You're the one that's saying that you were prejudiced, so you tell me, quantify how you were prejudiced if you can. And if you can't, that's fine, just tell me that. Well, I would say maybe my client was prejudiced in the terms of $10,000 if you want to look at legal fees in that area. But that wasn't the focus of our prejudice argument in our brief. The argument wasn't that we incurred additional expenses in responding to things that we would not have otherwise had to do. Focusing like a laser, what was the prejudice argument? The prejudice is brought on by the action taken by the defendant. They chose a specific defense strategy. I want you to really tightly focus on this. We were prejudiced because of what? We were prejudiced because the defendants took a specific defense strategy, lost on that defense strategy, and only then invoked the arbitration clause. What did they lose? They lost their motion to change venue. They lost that. Let's assume for a second as we've been talking that determining whether the court has jurisdiction is essential in order then to determine whether they can send it to arbitration. So I want you to just assume that for just a second. Okay. So you can't say we were prejudiced because we were prejudiced, which is basically what I hear you saying. So what specifically was the cause of your prejudice and what was the prejudice? We amended our complaint based on their Rule 12 motion that they then filed. We would never have done that. The prejudice here is clarifying who you're suing and on what theory. That's prejudice. Well, I think you've got to take that in context. With the defendant having filed a Rule 12 motion, their second Rule 12 motion, first we had a Rule 16 conference that the defendant participated in. We did a joint status report that they participated in, never raised arbitration. The judge in that case essentially stated that he would like to see less claims in the complaint. And based on the Rule 12 motion that was filed, I think we adopted our litigation strategy based on the Rule 12 motion that was filed. But you know, what you just said right now seems to suggest that that action in trying to clarify and narrow your complaint was not attributable to the appellees but was a requirement of the judge. I'm going to ask you to sum up and I'll give you 60 seconds to do that and then we're done. The Kramer Court, the Kramer v. Hammond, specifically says that prejudice can be substantive as in when a party loses a motion on the merits and then attempts, in effect, to re-litigate the issue by invoking arbitration. That can be a prejudice and I think that's how we were prejudiced. I think we understand your position, sir. Thank you for your argument. Thank you for your written and oral submissions. The matter is submitted. There being no further questions, we will adjourn.